IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDWARD F. SCHMIDT and<br>THOMAS H. COLEY,<br><br>    PLAINTIFFS,<br><br>v.<br><br>SUNTRUST BANK, WELLS FARGO<br>& COMPANY, and SOUTHTRUST<br>CORPORATION ENHANCED<br>RETIREMENT BENEFIT PLAN,<br><br>    DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)  CASE NO: 1:10-cv-00176-B<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f), a telephonic meeting was conferred on July 1, 2010 and was attended by:

    Donald M. Briskman and S. Joshua Briskman for Plaintiff Edward F. Schmidt and Thomas H. Coley;

    Robert J. Winicki for Plaintiff Thomas H. Coley;

    Henry T. Morrissette for Defendant Wells Fargo & Company; and

    Darren A. Shuler and Chesley S. McLeod for Defendant SunTrust Bank.

The parties do not request a conference with the Court before entry of the scheduling order.

1. Statement of Facts

    A. By Plaintiffs:

Plaintiff, Edward F. Schmidt was employed by SouthTrust Bank, later Wachovia, and their affiliates, as an executive from 1973 to the end of 2005. Schmidt was a participant in and beneficiary of the Plan. Plaintiff, Thomas H. Coley was employed by SouthTrust Corporation ("SouthTrust") and later Wachovia and their affiliates as an executive from 1989 to the end of December 2006, a period of eighteen years. Coley was also a participant in and beneficiary of the Plan.

The defendant Plan, is an ERISA pension benefit plan, which may be sued as an entity under 29 U.S.C. § 1132(d)(1). Defendant, SunTrust Bank ("SunTrust") is a Georgia corporation that is the administrator of the Plan and trustee of the Trust for the Benefit of Participants in SouthTrust Corporation Enhanced Retirement Benefit Plan (the "Trust"). Defendant, Wells Fargo & Company ("Wells Fargo"), is a Delaware corporation that in 2009 acted without authority as an administrator of the Plan. Wells Fargo is also the current plan sponsor of the Plan. On the last day of 2008, Wachovia was merged into Wells Fargo with the latter being the survivor. Previously, Wachovia had assumed the obligations of SouthTrust, as plan sponsor of the Plan when Wachovia acquired SouthTrust in 2004 through a merger of SouthTrust into Wachovia.

In a letter agreement dated October 28, 2004, referred to hereinafter as the "Wachovia-Schmidt Amendment," Wachovia and Schmidt agreed to an amendment of Schmidt's employment agreement that he had with SouthTrust to be effective upon consummation of the merger of SouthTrust into Wachovia. Wachovia induced Schmidt to become an executive by offering him the amendment to his then existing employment agreement with SouthTrust.  The Wachovia-Schmidt Amendment included a provision for an "annual stock award" with a stated annual economic value as an additional incentive for Schmidt to remain employed after the merger.  Schmidt was required to work for Wachovia for an additional period of time pursuant to paragraph 3 of the amendment and "[a]ny stock award will be subject to the terms and conditions of the stock grant and applicable stock plan documents."  In early 2005, Schmidt received the "annual stock award" with a stated annual economic value from Wachovia in the form of a grant of restricted stock and options under the Wachovia Corporation 2003 Stock Incentive Plan.  Accompanying the 2005 award was a letter from the Chairman and CEO of Wachovia represented:  "You are being recognized for your performance, but please remember that other members of your team might not have been eligible or were not selected for an award under this plan."

Similarly, in a letter agreement dated August 1, 2004, referred to hereinafter as the "Wachovia-Coley Amendment," Wachovia and Coley agreed to an

3

amendment of Coley's employment agreement that he had with SouthTrust to be effective upon consummation of the merger.  Wachovia induced Coley to become an executive by offering him the amendment to his then existing employment agreement with SouthTrust.  The Wachovia-Coley Amendment included a provision for an "annual stock award" with a stated annual economic value as an additional incentive for Coley to remain employed after the merger.  Coley, like Schmidt, was required to work for Wachovia for an additional period of time pursuant to paragraph 3 of the amendment and "[a]ny stock award will be subject to the terms and conditions of the stock grant and applicable stock plan documents."  In both early 2005 and early 2006, Coley received the "annual stock award" with a stated annual economic value from Wachovia in the form of two grants of restricted stock and options under the Wachovia Corporation 2003 Stock Incentive Plan.  Accompanying the 2005 and 2006 awards were letters from the Chairman and CEO of Wachovia represented:  "You are being recognized for your performance, but please remember that other members of your team might not have been eligible or were not selected for an award under this plan."

On December 31, 2005, Schmidt's employment with Wachovia ended upon his retirement.  On December 31, 2006, Coley's employment with Wachovia ended upon his retirement.

On January 27, 2009, Schmidt and Coley made separate claims for additional benefits under the Plan because Wachovia in calculating the pension benefits owing them under the Plan had not included millions of dollars of their annual incentive compensation paid under the Wachovia Corporation 2003 Stock Incentive Plan.  This failure to include the additional earnings resulted in a smaller retirement pension benefit being paid to Schmidt and Coley under the Plan.

Section 1.7 of the Plan states in pertinent part: "Earnings shall also include any annual performance based incentive pay paid under the Senior Officer Performance Incentive Plan, the performance Incentive Plan or any other formally adopted annual performance incentive plan for the Participant."

On May 7, 2009, Wells Fargo, which was not the named plan administrator or trustee, sent separate letters to Coley's and Schmidt's counsel, respectively, that denied both of their claims for additional benefits under the Plan.  However, SunTrust, and <u>not</u> Wells Fargo, was the trustee and plan administrator after Wachovia acquired SouthTrust.  (Apparently, Wells Fargo issued the May 7, 2009 denial letters with full knowledge of SunTrust's roles.)  After learning SunTrust had became involved in the matter, Schmidt and Coley pointed out to SunTrust that since SunTrust was the trustee of the Trust, then SunTrust should have made the benefits determination because it was the named administrator and Wells Fargo's actions were not authorized under the Plan.

According to letters dated October 20, 2009, from SunTrust, which were sent to counsel for Schmidt and Coley, separately, the annual stock awards paid to both Schmidt and Coley in 2005 and Coley in 2006 under the Wachovia 2003 Stock Incentive Plan were not to be included as "Earnings" under section 1.7 of the Plan and therefore Schmidt's and Coley's claims for additional benefits under the Plan were denied.

On November 25, 2009 Schmidt and Coley, through separate correspondence, administratively appealed SunTrust's October 20, 2009 claim denials.

Without advising either Schmidt or Coley, on January 11 and 12, 2010 SunTrust sought additional information from Wells Fargo, which responded on March 12 and 13, 2010 with two lengthy memoranda to SunTrust, but without copying either Schmidt or Coley.  The SunTrust and Wells Fargo communications were kept secret from Schmidt and Coley despite SunTrust having written letters to their counsel on January 23, 2010 stating that additional time was needed to decide the appeals.  SunTrust failed to disclose that the reason for the delay was SunTrust's ex parte communications with Wells Fargo.  (Wells Fargo's March 2010 memoranda misrepresented that copies of the memoranda were being sent to counsel for Schmidt and Coley, when in fact no such copies were ever received by either of their counsel.  The first time Schmidt and Coley or their counsel received

the memoranda was as part of the administrative record delivered in this case on July 9, 2010.)

Wells Fargo's March 2010 memoranda falsely complained to SunTrust that at the time Wachovia acquired SouthTrust at the end of 2004, some six years prior: "Notably, Wachovia and SouthTrust Corporation agreed that in determining Earnings, Wachovia 'shall take into account all of the participant's *cash* compensation, including both base pay and annual incentive pay, *as provided under the applicable SouthTrust non-qualified plans covering such participant*.'" (Emphasis in the original memoranda).  Upon review of the memoranda last week, counsel for Schmidt and Coley recognized that Wells Fargo's quotation in its March 2010 memoranda cited to a disclosure schedule to the 2004 merger agreement but the quoted words were found only in the definition of "comparable plans."  This provision of the disclosure statement never came into being at the time of the 2004 merger because Wachovia assumed the existing Plan without substantive modification.  Six years after the merger, Wells Fargo misrepresented to SunTrust that Wachovia had agreed only to include "cash compensation" at the time of the merger.  This was untrue.  In 2004 Wachovia agreed to assume the Plan itself, whose plain language does <u>not</u> contain any limitation of "cash compensation" but rather mandated inclusion in earnings of "any annual performance based incentive pay paid under . . . any other formally adopted annual

performance incentive plan for the Participant."  Schmidt and Coley were not allowed to point out this fatal and fundamental error in Wells Fargo's argument because Wells Fargo never copied them or their counsel on its March 2010 memoranda and SunTrust kept its communications with Wells Fargo secret until the administrative record was provided on July 9, 2010.

In a letter dated March 24, 2010, SunTrust stated to counsel for both Schmidt and Coley, separately, that Schmidt's and Coley's administrative appeals were denied.  SunTrust acknowledged that as part of Wachovia's acquisition of SouthTrust, Wachovia had agreed to assume the Plan, and Wachovia agreed that continued accruals under the plans were to be "in the aggregate, retirement benefits at a level that is equivalent (or better)."  However, SunTrust then concluded that because Schmidt's and Coley's "Earnings" would have doubled after their employment by Wachovia, their appeals were denied.  According to SunTrust, it "cannot find any indication that the parties to the acquisition intended the assumption of the SouthTrust non-qualified plans, including the Enhanced Plan, by Wachovia to create an additional increase in benefits.  Rather, it appears that the parties intended the assumption of the plans by Wachovia to continue the non-qualified benefit plans at the same equivalent level of benefits."

On April 14, 2010, Schmidt and Coley filed this action seeking the recovery of pension benefits and to enforce their rights under an ERISA pension benefit

plan. Schmidt and Coley have exhausted their administrative remedies to obtain additional benefits under the Plan.

The issue presented in this case is whether SunTrust failed to follow the plain language of the Plan.

Schmidt's and Coley's claims for additional benefits are premised upon the compensation paid to them both by Wachovia on or about April 18, 2005 and additionally to Coley on or about March 31, 2006 as being "Earnings" under the Plan. 2005 and 2006 were the first two years that Wachovia paid annual equity awards under the Wachovia Corporation 2003 Stock Incentive Plan to former executives of SouthTrust who remained participants in the Plan.

Again, section 1.7 of the Plan states in pertinent part: "Earnings shall also include any annual performance based incentive pay paid under the Senior Officer Performance Incentive Plan, the Performance Incentive Plan or any other formally adopted annual performance incentive plan for the Participant."

The annual equity awards Schmidt received in 2005 and Coley received in 2005 and 2006 under the Wachovia Corporation 2003 Stock Incentive Plan, should have been included in calculating "Earnings" because they were annual performance based incentive pay paid under the Wachovia Corporation 2003 Stock Incentive Plan, which was a "formally adopted annual performance incentive plan" under section 1.7 of the Plan. This is the plain language of the Plan.

SunTrust was not granted any discretion to rewrite the plain language of section 1.7 of the Plan based upon its perception of what "appears that the parties [Wachovia and SouthTrust] intended" at the time of their merger in 2004. This is especially true where there is no evidence in the administrative record to support such a complete abandonment and rejection of the plain language of section 1.7 of the Plan. SunTrust's failure to follow the plain language of the Plan is arbitrary and capricious and unreasonable as a matter of law.

      B.    <u>By Defendants:</u>

The SouthTrust Corporation Enhanced Retirement Benefit Plan (the "Enhanced Plan") is an unfunded retirement benefit plan sponsored by Wells Fargo & Company ("Wells Fargo") and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). The Enhanced Plan is maintained for the purpose of providing benefits to a select group of highly compensated or management employees of SouthTrust Corporation ("SouthTrust"). Under the terms of the Enhanced Plan, SunTrust Bank ("SunTrust") is the Plan Administrator and is granted broad discretionary authority to construe and interpret the Enhanced Plan and decide eligibility for benefits (including the amounts of benefits due). Enhanced Plan benefits are paid from a trust (the "Trust for the Benefit of Participants in SouthTrust Corporation Enhanced Retirement Benefit Plan"), of which SunTrust is the trustee.

Plaintiffs Edward F. Schmidt and Thomas H. Coley are former executives at SouthTrust and participants in the Enhanced Plan.  Plaintiffs became executives at Wachovia Corporation ("Wachovia") after it acquired SouthTrust in 2004.  Plaintiff Schmidt's employment at Wachovia ended in 2005.  Plaintiffs Coley's employment at Wachovia ended in 2006.  Wells Fargo acquired Wachovia in 2008.

On January 27, 2009, Plaintiffs submitted separate letters to Wells Fargo claiming that they were entitled to additional benefits under the Enhanced Plan because certain equity awards they had received during 2005 and 2006 while employed at Wachovia were not included in the calculation of their benefits due under the terms of the Enhanced Plan.

On May 7, 2009, Wells Fargo responded to Plaintiffs' letters, denying that they were entitled to additional benefits from the Enhanced Plan.  Thereafter, in its capacity as Plan Administrator, SunTrust reviewed Plaintiffs' claims for benefits with the assistance of a qualified, independent advisor.  On October 20, 2009, SunTrust denied Plaintiffs' claims for additional benefits under the terms of the Enhanced Plan, determining that the equity awards made to Plaintiffs by Wachovia in 2005 and 2006 were not "Earnings" as that term is defined in the Enhanced Plan.

On November 25, 2009, Plaintiffs administratively appealed SunTrust's denial of their claims for additional benefits under the terms of the Enhanced Plan.

In its capacity as Plan Administrator, SunTrust reviewed Plaintiffs' appeals with the assistance of a qualified, independent advisor. On March 24, 2010, SunTrust denied Plaintiffs' administrative appeals.

SunTrust's denial of Plaintiffs' administrative claims and appeals was neither arbitrary nor capricious. As a result, Defendants are entitled to judgment as a matter of law on Plaintiffs' ERISA § 502(a)(1)(B) claims. In addition, Defendant Wells Fargo states that it is entitled to dismissal of the claims against it because Wells Fargo is not a proper party to Plaintiffs' action for additional benefits under ERISA § 502(a)(1)(B).

    2.    <u>Disposition and Trial Date</u>.

The parties state that this case is appropriate for the Court to decide on Plaintiffs' motion for partial summary judgment on liability, and Defendants' cross motion for summary judgment, which the parties will file by October 4, 2010. (<u>See</u> Item No. 10 below.) In the event the parties' dispositive motions do not fully resolve this case, this non-jury action should be ready for trial by March 14, 2011. At this time, the parties anticipate that any bench trial that may occur in this case would take approximately two to three days.

      3.      <u>Pretrial Conference</u>.

To the extent the case is not fully resolved by the Court's order(s) on the parties' dispositive motions, the parties request a pretrial conference on approximately February 7, 2011.

      4.      <u>Discovery Plan</u>.

Defendants produced the administrative record to the Plaintiffs on July 9, 2010. The parties agree that no additional discovery beyond production of the administrative record is necessary, except that Plaintiffs believe interrogatories related to the calculation of the additional benefits claimed by Plaintiffs will be necessary. Defendants disagree and state that discovery related to the calculation of the additional benefits to which Plaintiffs would be entitled in the event they prevailed on their motion for partial summary judgment is neither necessary nor proper. Defendants believe that, in the event the Court determines that the Plan Administrator acted arbitrarily and capriciously in denying Plaintiffs' claims for additional benefits and grants Plaintiffs' motion for partial summary judgment on liability, the task of calculating the amount of additional benefits to which Plaintiffs would then be entitled under the terms of the Enhanced Plan must, consistent with the terms of the Enhanced Plan and controlling Eleventh Circuit law, be remanded to the administrative process for an initial determination by the Plan Administrator.

5. <u>Initial Disclosures</u>.

The parties exchanged the information required by Fed. R. Civ. P. 26(a)(1) on July 21, 2010.

6. <u>Addition of Parties and Amendments</u>.

The parties request until August 5, 2010 to join additional parties and amend the pleadings.

7. <u>Expert Reports</u>.

Plaintiffs' state that if after receiving the calculations from Defendants of the additional benefits claimed by Plaintiffs and if Plaintiffs disagree with the calculations, then Plaintiffs will retain an expert, who will render a report prior to January 7, 2011.

Defendants state that expert reports are not necessary to resolve the issues presented in this case and, therefore, do not anticipate retaining an expert. Defendants further state that, in the event the Court determines that the Plan Administrator acted arbitrarily and capriciously in denying Plaintiffs' claims for additional benefits, the task of calculating the amount of additional benefits to which the Plaintiffs would be entitled under the terms of the Enhanced Plan must, consistent with the terms of the Enhanced Plan and controlling law, be remanded to administrative process for an initial determination by the Plan Administrator.

Defendants reserve the right to serve and/or file expert reports if it is determined that such reports are necessary or circumstances otherwise justify such reports.

8.     Pretrial Disclosures.

In the event the parties' dispositive motions do not fully resolve this case, the parties will confer and propose dates for final lists of witnesses and exhibits under Rule 26(a)(3) but no later than January 28, 2011.

9.     Discovery Limits.

Defendants produced the administrative record to the Plaintiffs on July 9, 2010. The parties agree that no additional discovery beyond production of the administrative record is necessary, except Plaintiffs believe that interrogatories related to the calculation of the additional benefits claimed by the Plaintiffs are necessary. Defendants disagree and state that discovery related to the calculation of the amount of additional benefits that Plaintiffs would be entitled to under the terms of the Enhanced Plan in the event they prevailed on their motion for partial summary judgment is neither necessary nor proper. (See Item No. 4 above.)

10.    Dispositive Motions.

All potentially dispositive motions shall be filed by October 4, 2010.

11.    Settlement.

Settlement is unlikely in this case.

12. <u>Other matters</u>.

To the extent it becomes necessary, Plaintiffs and Defendants shall identify with particularity within the next thirty days any documents in the administrative record that they submit shall be kept confidential, and at that time shall also suggest redactions so as to avoid any documents being filed under seal.

Dated:  July 22, 2010

          By:    <u>*s/ S. Joshua Briskman*</u>
                  Donald M. Briskman
                  S. Joshua Briskman
                  Post Office Box 43 (36601)
                  205 Church Street (36602)
                  Mobile, Alabama
                  251.433.7600
                  jbriskman@briskman-binion.com

                  Attorney for Plaintiff
                  Edward F. Schmidt and
                  Thomas H. Coley


          By:    <u>*s/ Robert J. Winicki*</u>
                  Robert J. Winicki
                  4745 Sutton Park Court
                  Suite 401
                  Jacksonville, Florida 32224
                  904.992.4997

                  Attorney for Plaintiff
                  Thomas H. Coley

Dated:  July 22, 2010

By: *s/ Henry T. Morrissette*
Henry T. Morrissette
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
Telephone:  (251) 432-5511
hmorrissette@handarendall.com

Attorney for Defendant
Wells Fargo & Company

Dated:  July 22, 2010

By: *s/ Darren A. Shuler*
Daren A. Shuler
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  (404) 572-4600
dshuler@kslaw.com

Attorney for Defendant
SunTrust Bank

# ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2010, I electronically filed the foregoing **REPORT OF PARTIES' PLANNING MEETING** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

>Donald M. Briskman
>S. Joshua Briskman
>Briskman & Binion, P.C.
>Post Office Box 43 (36601)
>205 Church Street (36602)
>Mobile, Alabama
>
>Robert J. Winicki
>The Winicki Law Firm, P.A.
>4745 Sutton Park Court
>Suite 401
>Jacksonville, Florida 32224
>
>*Attorneys for Plaintiffs*
>
>
>Henry T. Morrissette
>Hand Arendall, L.L.C.
>Post Office Box 123
>Mobile, Alabama 36601
>
>*Attorney for Wells Fargo & Company*

>>*s/ Darren A. Shuler*
>>Georgia Bar No. 644276
>>King & Spalding LLP
>>1180 Peachtree Street
>>Atlanta, Georgia  30309

                                            Telephone:  (404) 572-4600
                                            Facsimile:  (404) 572-5100
                                            E-mail: dshuler@kslaw.com

                                            Attorney for SunTrust Bank